SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
Eleanor Hamburger
Richard E. Spoonemore
701 Fifth Avenue, Suite 2560
Seattle, WA 98104
Tel. (206) 223-0303
Fax (206) 223-0246
ele@sylaw.com
rspoonemore@sylaw.com

JORDAN LEWIS, P.A.
Jordan Lewis
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Tel. (954) 616-8995
Fax (954) 206-0374
jordan@jml-lawfirm.com

FEINBERG, JACKSON, WORTHMAN
& WASOW, LLP
Nina Wasow (SBN No. 242047)
Catha Worthman (SBN No. 230399)
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
nina@feinbergjackson.com
catha@feinbergjackson.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| K.H.B. by and through his father, K.D.B., individually, and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | NO. _____<br><br>COMPLAINT<br>(CLASS ACTION) |

Now comes Plaintiff K.H.B., by and through his father, K.D.B., on his own behalf and on behalf of all others similarly situated, asserts to the best of his knowledge,

COMPLAINT (CLASS ACTION) – 1

information and belief, formed after an inquiry reasonable under the circumstances, the following:

## I.    INTRODUCTION

### *UnitedHealthcare Wrongfully Denied K.H.B.'s Healthcare Claims*

1.      Plaintiff K.H.B. suffers from a variety of mental illnesses, including major depressive disorder, suicide ideation, attention deficit hyperactivity disorder and drug use.  After his second suicide attempt, he sought and received treatment for his illnesses at Elements Wilderness Program ("Elements"), a licensed outdoor/behavioral therapy program located in Huntington, Utah.

2.      Elements is fully licensed and statutorily authorized by the State of Utah to provide an organized program of mental health services to youths ages 13-17 years in an outdoor setting.  A copy of Elements' license is attached as *Exhibit B*.

3.      K.H.B.'s ERISA-governed insured health plan from defendant UnitedHealthcare Insurance Company ("UHC") – like the plans of other class members – expressly covers mental health and substance abuse conditions.  A copy of the plan ("Plan") is attached as *Exhibit A*.

4.      Specifically, under the terms of his Plan, K.H.B. is provided coverage for "Mental Health Services," which includes "those received on an inpatient or outpatient basis in a Hospital, an Alternative Facility or in a provider's office."  *Exh. A*, pp. 17-18. The Plan, in turn, defines "Alternative Facility" as, *inter alia*:

> "a health care facility that is not a Hospital and that provides one or more of the following services on an outpatient basis, as permitted by law . . . therapeutic services.  An Alternative Facility may also provide Mental Health Services or Substance Use Disorder Services on an outpatient or inpatient basis."  *Exh. A*, p. 67.

Elements fits this description.

COMPLAINT (CLASS ACTION) – 2

5.     In addition, the Plan independently provides coverage for "all Medically Necessary treatment" for a "Serious Emotional Disturbance" for an enrolled dependent child, such as K.H.B., who suffers from, *inter alia*, "risk of suicide."  **Exh. A**, pp. 75-76. The Plan further provides "all Medically Necessary treatment" for a participant or beneficiary with a "Severe Mental Illness" which includes a diagnosis of "major depressive disorders." *Id*.

6.     Despite the fact that three separate coverage provisions in the Plan promised coverage for K.H.B.'s treatment at Elements, UHC excluded coverage.  It did so for only one reason: "coverage is not available under your child's benefit plan for the requested services of Wilderness Programs."  **Exh. C**, *Exh. 1*; **Exh. D**.

7.     This denial was in error under the plain terms of the Plan.

***UHC's Exclusion of Wilderness Programs for the Treatment of Mental Illness Also Violates the Federal Mental Health Parity Act***

8.     In the alternative, K.H.B. seeks to end UHC's standard discriminatory practice of excluding all coverage for outdoor/wilderness behavioral healthcare programs.

9.     Under the guise of claiming that the treatment is not a covered benefit, UHC denies coverage of all outdoor/wilderness behavioral healthcare programs even when medically necessary to treat a documented mental illness.  It excludes coverage of outdoor/wilderness behavioral healthcare programs for mental illnesses, even though it covers medical treatment provided in other types of intermediate residential programs, such as skilled nursing care.

10.     K.H.B. seeks to enforce the Federal Mental Health Parity Act and its implementing regulations as incorporated into the terms of UHC insured health plans in order to end such discriminatory and illegal practices.

COMPLAINT (CLASS ACTION) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

*Remedies*

11.     This lawsuit seeks remedies under the Employee Retirement and Income Security Act of 1974 ("ERISA") arising out of UHC's failure to comply with the terms of its insured ERISA plans, specifically its denial of coverage for licensed Wilderness Programs that treat documented mental illnesses and substance use disorders.   In addition, the lawsuit seeks remedies due to UHC's violations of the Federal Parity Act, which form an enforceable part of the terms of UHC's ERISA-governed plans.  It further seeks, *inter alia*, to recover the benefits that have been wrongfully denied to plaintiff and the class he seeks to represent.  Finally, it seeks to require UHC to provide accurate information to all ERISA insureds concerning the coverage of outdoor/wilderness behavioral healthcare programs.

## II.   PARTIES

### *K.H.B.*

12.     At relevant times, K.D.B., the father of plaintiff K.H.B., was a full-time employee of Wholesale Trading Insurance Services, LLC, and – while employed there – lived in San Mateo, California, within this judicial district.   K.H.B. was a minor throughout the period in which the subject medical services were rendered.

13.     K.D.B.'s employer-sponsored health insurance at issue in this litigation was underwritten and administered by UHC, and is regulated by ERISA, 29 U.S.C. §§ 1001-1191c.  K.H.B. was enrolled as a dependent of K.D.B. and under ERISA, is a plan "beneficiary" (29 U.S.C. § 1002(8)).

14.     A copy of the insurance plan is attached at *Exh. A* to this Complaint; it is a boilerplate document whose material terms are identical for all members of the proposed class.

COMPLAINT (CLASS ACTION) – 4

*UnitedHealthcare*

15.    Defendant UnitedHealthcare Insurance Company is a Connecticut corporation that does business within this judicial district.    In this Complaint, "UnitedHealthcare" or "UHC" refers to the named defendant and all related, successor, predecessor, parent and subsidiary entities to which allegations pertain.

16.    UHC underwrites and administers benefits for many ERISA-governed employer-sponsored employee welfare benefit plans ("Plans").

17.    UHC makes benefit determinations, reviews and finally decides appeals of denied claims under the Plans it insures, and, in those capacities, is a fiduciary under ERISA.

### III.  JURISDICTION AND VENUE

18.    *Jurisdiction*.  Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).   This Court has jurisdiction over plaintiff's claims under ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e), (f), and under 28 U.S.C. § 1331.

19.    *Venue*.  Venue is appropriate in this district because plaintiff and defendant are either citizens of this judicial district and/or may be found here, and many of the breaches at issue took place here. 29 U.S.C. § 1132(e)(2).  Venue is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this district.

20.    *Intradistrict Assignment*.   This action is properly assigned to the San Francisco/Oakland Division because the Plan is administered in part in San Mateo, and because some of the events or omissions giving rise to plaintiff's claim occurred in San Mateo.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

21.    *Service*.  In conformity with 29 U.S.C. § 1132(h), plaintiff has served this Amended Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## IV.  FACTUAL BACKGROUND

22.    During all relevant time periods, K.H.B. and all members of the class have been, or are, participants and/or beneficiaries of welfare benefit plans which are subject to ERISA.  29 U.S.C. § 1003.

23.    During all relevant time periods, K.H.B. and all members of the class have been, or are, enrollees in a UHC insured plan.

24.    Since July 2, 2012, and continuing to the present, K.H.B. and all other members of the class have been, or are, diagnosed with conditions that are considered to be mental health conditions under the Parity Act, including conditions that constitute serious mental illnesses and serious emotional disturbances.

25.    K.H.B. has struggled for years with mental health issues such as major depression, suicide ideation, attention deficit hyperactivity disorder and drug use. He has been diagnosed with multiple DSV-IV defined mental illnesses, and attempted to commit suicide twice.  Other members of the class have likewise been diagnosed with DSM-IV defined mental illnesses or substance use disorders.

26.    In April 29, 2016, after hospitalization due to a suicide attempt and the failure of other therapies, K.H.B. agreed to go to Elements, a Utah-licensed outdoor/behavioral therapy program located in Huntington, Utah.  Other members of the class have likewise required treatment at licensed outdoor/wilderness behavioral healthcare programs.

27.    Licensed outdoor/wilderness behavioral health programs offer cost-effective treatment for adolescents and young adults with mental health and substance

COMPLAINT (CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

abuse diagnoses.  Licensed outdoor/wilderness behavioral health programs provide traditional, evidence-based mental health and substance abuse treatments in an outdoor setting.

28.    Elements is an intermediate care program licensed by the State of Utah that treats young men with mental health and substances abuse diagnoses, including young men with diagnoses comparable to K.H.B.'s condition. Elements is, and was while K.H.B. received medically necessary treatment, licensed as an "outdoor youth program" by the State of Utah.  *Exh. B*.  Other class members have likewise received medically necessary treatment from licensed wilderness or outdoor youth programs for DSM-defined mental illnesses or substance use disorders.

29.    Elements uses a multidisciplinary approach to treat youths with mental health and substance abuse diagnoses, using outdoor/wilderness behavioral healthcare therapy to deliver traditional, evidence-based treatments in a wilderness setting.

30.    Patients, including K.H.B., receive a psychiatric assessment on intake. K.H.B.'s lead therapist at Elements was a Ph.D. level psychologist licensed by the State of Utah. Personal treatment plans with tailored goals, objectives, and assignments that promote accountability, insight and growth are developed, implemented and evaluated. Patients live in a community setting in the wilderness and participate in daily tasks and group therapy sessions.  Patients also participate in regular individual therapy, group therapy, and family therapy sessions.  Evaluations are also performed at discharge. *Exh. E*.

31.    K.H.B. was treated at Elements from April 29, 2016 to July 1, 2016. K.D.B. sought coverage for his son's treatment at Elements. He personally paid $37,800 for services rendered at Elements.

COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

32.     On May 9, 2016, K.D.B. received a letter from United Behavioral Health, which provides administrative services for insurance products underwritten by UHC. The letter denied coverage for the services rendered at Elements because, it said, "Wilderness Programs" are "not available under the benefit plan."  A copy of this letter is attached as **Exh. C**, *Exh. 1*.

33.     K.D.B. appealed the denial of coverage.  **Exh. C**.  On November 22, 2106, United Behavioral Health denied the appeal.  **Exh. F**.  It denied the appeal for only one reason: "coverage is not available under the benefit plan for Wilderness Treatment Program as described in your Certificate of Coverage."  **Exh. F.**

34.     Like the original denial letter, this denial letter failed to "[r]eference to the specific plan provisions on which the denial is based," as required by 29 C.F.R. § 2560-503-1(j). It never quoted, cited or referenced the actual language upon which the denial was based. It never referenced a page number of the Plan, nor did it attach the relevant language to the letter. Instead, the letter stated that all wilderness programs are automatically excluded as not covered. This is a misrepresentation of the actual language of the Plan, which does not exclude all wilderness programs from coverage.

35.     Under the terms of the Plan, UHC is generally required to pay benefits for medically necessary covered services. **Exh. A**, p. 9.  Covered Health Services are services that are Medically Necessary and not otherwise excluded. *Id.*, p. 69. Medically Necessary services, in turn, are services provided for the purpose of preventing, evaluating, diagnosing or treating a health condition, Mental Illness, substance-related and addictive disorder that are (1) in accord with Generally Accepted Standards of Medical Practice; (2) Clinically appropriate; (3) Not mainly for the convenience of the insured or his/her health provider; and (4) Not more costly than an alternative service that is at least as likely to produce equivalent results. *Id.*, p. 73.

COMPLAINT (CLASS ACTION) – 8

36.     The Plan further covers "Mental Health Services," including diagnostic evaluations and assessment; treatment planning; treatment and/or procedures; referral services; medication management; individual, family, therapeutic group and provider-based case management services; crisis intervention; partial hospitalization/day treatment; services at a Residential Treatment Facility; Intensive Outpatient Treatment; and Prescription drugs. *Id.,* pp. 17-18.

37.     The Plan also covers "Substance Use Disorders," including services for diagnostic evaluations and assessment; treatment planning; treatment and/or procedures; referral services; medication management; individual, family, therapeutic group and provider-based case management services; crisis intervention; partial hospitalization/day treatment; services at a residential treatment facility; and intensive outpatient treatment. *Id.,* pp. 24-25.

38.     Covered services may be provided in a hospital, a provider's office or at an "Alternate Facility," *id.,* p. 24, which the plan defines as "a health care facility that is not a Hospital and that provides one or more of the following services on an outpatient basis, as permitted by law: Surgical services; Emergency Health Services; Rehabilitative, laboratory, diagnostic or therapeutic services. An Alternate Facility may also provide Mental Health Services or Substance Use Disorder Services on an outpatient or inpatient basis." *Id.,* p. 67.

39.     Outdoor/behavioral healthcare programs such as Elements are "Alternate Facilities" whose medically necessary services for the treatment of mental health care and substance use disorder are covered under the Plan. There is no express exclusion in the Plan that addresses outdoor/behavioral healthcare programs that alter this coverage conclusion.

COMPLAINT (CLASS ACTION) – 9

40.    Elements is licensed by the State of Utah as an Outdoor Youth Treatment program that treats young men with mental health and substances abuse diagnoses.  It provides "Mental Health Services . . . on an outpatient or inpatient basis."   It also provides "Substance Use Disorder Services on an outpatient or inpatient basis."

41.    K.H.B. received both "Mental Health Services" and "Substance Use Disorder Services" at Elements while covered under the UHC Plan and was entitled to coverage under the Plan for his treatment.

42.    The Plan also provides coverage for "Severe Mental Illness." *Exh. A*, p. 18.  Under the Plan, "major depressive disorders" is one of multiple conditions that constitutes a "Severe Mental Illness." *Exh. A*, p. 76.  K.H.B. suffered from a "Severe Mental Illness" as defined by the Plan and was entitled to coverage under the Plan for his treatment at Elements.

43.    The Plan also provides coverage for "Serious Emotional Disturbances" for an enrolled dependent child. *Exh. A*., p. 18.  Under the Plan, "risk of suicide" is one of multiple conditions that constitutes a "Serious Emotional Disturbance." *Exh. A*, pp. 75-76.  K.H.B. suffered from a "Serious Emotional Disturbance" as defined by the Plan and was entitled to coverage under the Plan for his treatment at Elements.

44.    At no time did United Behavioral Health or UHC take the position that K.H.B.'s treatment was not "medically necessary" for his condition.  His treatment at Elements was medically necessary and appropriate for the treatment of his conditions.

45.    At no time did United Behavioral Health or UHC take the position that K.H.B. did not suffer from a "Severe Mental Illness" as defined by the Plan.

46.    At no time did United Behavioral Health or UHC take the position that K.H.B. did not suffer from a "Serious Emotional Disturbance" as defined by the Plan.

COMPLAINT (CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

47.     The denials of coverage violate the plain terms of the Plan.  The denials of coverage also violate the reasonable expectations of the participants and beneficiaries. The denials, however, are part of UHC's usual and uniform practice towards coverage of wilderness programs for its participants and beneficiaries with mental health and substance use disorder conditions.

48.     UHC is subject to Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") because it provides coverage for mental health services in its insured health plans.

49.     Under the Parity Act, UHC is prohibited from imposing treatment limitations to mental health benefits that are more restrictive than the "predominant treatment limitations applied to substantially all medical and surgical benefits." 29 U.S.C. § 1185a(a)(3)(A)(ii).

50.     As indicated in *Exhibit A*, the Plan, like other Plans, broadly covers medical and surgical benefits in inpatient, outpatient and residential settings. Intermediate services, which are services somewhere between traditional inpatient and outpatient care, are covered when medical and surgical benefits are sought.

51.     For example, UHC explicitly covers medical and surgical services rendered at intermediate facilities such as at rehabilitation hospitals and skilled nursing facilities. *Exh. A*, p. 24.

52.     While UHC generally covers medical and surgical services when provided in intermediate settings, it has a practice of excluding wilderness therapy – a form of intermediate therapy to treat mental illnesses.  This practice occurs even when exclusion is not permitted by the Plans' terms.

53.     UHC has therefore imposed a nonquantitative treatment limitation – a blanket exclusion – on the scope of intermediate services it covers – medically necessary

COMPLAINT (CLASS ACTION) – 11

treatment at outdoor/wilderness behavioral healthcare programs – that is not in parity with the treatment limitations it imposes on comparable intermediate medical/surgical services, such as skilled nursing facilities and rehabilitation hospitals, which are expressly covered. Given this disparity, UHC has facially employed "processes, strategies, evidentiary standards" and other factors in assessing medically necessary services rendered at outdoor/wilderness behavioral healthcare programs that are different than the standards it employs in assessing medically necessary services rendered at skilled nursing facilities and rehabilitation hospitals.

54. The application of these uniform exclusions and limitations is not "at parity" with UHC's coverage of medical/surgical services. As a result, K.H.B. and members of the class, and their parents/guardians have paid for mental health treatment received from outdoor/wilderness behavioral healthcare programs out of their own pockets. Other class members have been forced to forego needed treatment due to UHC's conduct.

55. ERISA requires UHC to follow the terms of the Plan. Under the terms of the Plan, and the Plans of other class members, mental illnesses may be treated in wilderness programs. UHC's exclusion of wilderness programs from coverage is not consistent with the terms of the Plans and/or the doctrine of reasonable expectations.

56. ERISA also requires UHC to administer its insured ERISA health plans in a manner that includes the requirements of laws and regulations. By applying a blanket exclusion of outdoor/wilderness behavioral healthcare programs in violation of the Parity Act, UHC is systemically and uniformly failing to properly administer its ERISA Plans. It is also breaching its fiduciary duties to K.H.B. and class members, who have not received the benefits to which they are legally entitled.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

57.     In light of the established Plan documents, statements and representations by UHC, any attempt by class members to pursue administrative remedies is futile. Nonetheless, K.H.B. has completed the Plan's internal appeal process to no avail.  He has exhausted his administrative remedies.

### V.  CLASS ALLEGATIONS

58.     *Definition of UHC Class*.  The class, as defined under Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(1), (b)(2) and/or (b)(3), consists of all individuals who:

(1)    Who, any time on or after July 1, 2012 were participants or beneficiaries under an ERISA-regulated Plan insured by UnitedHealthcare Insurance Company that provided coverage for mental health or substance use conditions, and

(2)    required treatment at a licensed outdoor/wilderness behavioral healthcare program or programs for their mental health or substance use condition.

59.     *Size of Class*.  The class of UHC insureds in ERISA plans who have required treatment in outdoor/wilderness behavioral healthcare programs for a mental health condition is, on information and belief, so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will benefit both the parties and the Court.

60.     *Class Representative K.H.B. by K.D.B.*  Named plaintiff K.H.B. was an enrollee in a UHC insured health plan that is subject to ERISA when he required treatment at a wilderness facility.  K.H.B., diagnosed with multiple mental health conditions, sought and received treatment at a wilderness program.  UHC, claiming that it was not covered benefit, denied his requests for coverage.  Specifically, UHC claimed that "Wilderness Programs" are "not available under the benefit plan." In fact, wilderness therapy programs that provide mental health and/or substance use disorder

COMPLAINT (CLASS ACTION) – 13

conditions are covered under the Plan and other Plans. K.H.B.'s claims are typical of the claims of the other members of the class who have likewise been denied coverage for the same reason, and, through his father, he will fairly and adequately represent the interests of the class.

61.    ***Common Questions of Law and Fact With Respect to Violations of Plan Terms***.  This action requires a determination of whether UHC's blanket denial of all coverage for outdoor/wilderness behavioral healthcare programs, even when necessary to treat mental health or substance use illnesses, violated the terms of the Plans.

62.    ***Common Questions of Law and Fact With Respect to Violations of the Parity Act***.  This action also requires a determination of whether UHC violated the requirements of the Parity Act.  The Parity Act requires that mental health coverage be provided in strict parity with medical/surgical services generally.  The Parity Act forbids UHC from applying treatment limitations and exclusions on mental health coverage when similar exclusions are not predominantly imposed on medical/surgical services.  Adjudication of this issue will in turn determine whether UHC is liable under ERISA for its conduct.

63.    ***Separate Suits Would Create Risk of Varying Conduct Requirements***.  The prosecution of separate actions by class members against UHC would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under Rule 23(b)(1).

64.    ***UHC Has Acted on Grounds Generally Applicable to the Class.***  UHC, by uniformly excluding outdoor/wilderness behavioral healthcare programs, has acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class.  Certification is therefore proper under Rule 23(b)(2).

COMPLAINT (CLASS ACTION) – 14

65. ***Questions of Law and Fact Common to the Class Predominate Over Individual Issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against UHC for the relief requested in this action for a class of ERISA insureds. This action can be most efficiently prosecuted as a class action in this district, where UHC does business, and where K.H.B. resides. Issues as to UHC's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under Rule 23(b)(3).

66. ***Class Counsel***. K.H.B. has retained experienced and competent class counsel.

### VI.  CLAIMS FOR RELIEF

**FIRST CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS DUE TO UHC'S DENIAL OF WILDERNESS PROGRAMS AS NOT A COVERED BENEFIT**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

67. K.H.B. re-alleges all paragraphs above.

68. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

69. K.H.B.'S Plan provides coverage for mental health services, which includes "those received on an inpatient or outpatient basis in a Hospital, an Alternative Facility or in a provider's office." ***Exh. A***, pp. 17-18. An Alternative Facility, in turn, "may also

COMPLAINT (CLASS ACTION) – 15

provide Mental Health Services or Substance Use Disorder Services on an outpatient or inpatient basis." *Exh. A*, p. 67. Under the plain terms of the Plan and the terms of other Plans, outdoor/wilderness programs are covered when used to treat mental or substance use disorder conditions.

70.     Plaintiff and the class he seeks to represent are entitled to recover benefits they are owed due to the improper exclusion and/or limitation of coverage of medically necessary mental health treatment in wilderness therapy programs. They are also entitled to a declaration of their rights to coverage of medically necessary mental health treatment in outdoor/wilderness behavioral healthcare programs without the application of UHC's blanket exclusions and limitations.

### SECOND CLAIM:
### BREACH OF FIDUCIARY DUTIES DUE TO UHC'S DENIAL OF WILDERNESS PROGRAMS AS NOT A COVERED BENEFIT
### ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132(a)(2)

71.     Plaintiff re-alleges all paragraphs above.

72.     UHC is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it makes benefit determinations, reviews and finally decides appeals of denied claims under the ERISA Plans it insures.

73.     ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

74.     ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties

COMPLAINT (CLASS ACTION) – 16

imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

75.    UHC violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) by failing to act in accordance with the documents and instruments governing the Plan and Plans, as governed by applicable federal law, and thereby breached its fiduciary duties to the Plan, the Plans, the plaintiff, and all class members.

76.    As a direct and proximate result of these acts and omissions, the Plans have suffered losses for which Plaintiff and the members of the proposed class are entitled to relief under ERISA against UHC.

77.    Specifically, the Plans bargained and paid for coverage from UHC for medically necessary treatment of mental illnesses and substance abuse disorders, but as a result of UHC's blanket exclusion of wilderness therapy programs, did not receive such coverage.

78.    Plaintiff, on behalf of himself, the class and the Plans, seeks equitable relief under ERISA § 409(a), 29 U.S.C. § 1109(a), to make good to the Plans these losses. Specifically, he seeks an injunction requiring UHC to cease its conduct and provide corrective notice to all class members who inquired about coverage for mental illness or substance use disorder treatment in a wilderness program, or who were denied coverage because it was claimed to be not covered under the Plans. UHC should also be directed to reprocess all claims submitted by class members who had coverage denied because UHC maintained that wilderness programs were not covered by the Plans. To the extent

COMPLAINT (CLASS ACTION) – 17

that the Plans sustained monetary losses as a result of these actions, Plaintiff also seeks a recovery on behalf of the Plans for these losses.

### THIRD CLAIM:
### CLAIM FOR OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS
### ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

79.     Plaintiff re-alleges all paragraphs above.

80.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain injunctive or "other appropriate equitable relief" to redress violations of ERISA or enforce plan terms.

81.     As set forth above, UHC's categorical denial of coverage for wilderness therapy programs violates the terms of the Plans and the Federal Parity Act (and, thus, ERISA).

82.     Accordingly, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiff and the class seek an injunction requiring UHC to provide the class with corrective notice and information.

83.     In addition, they seek other equitable relief including, without limitation, reformation of the relevant health plan documents, unjust enrichment, disgorgement, restitution, and surcharge arising out of UHC's failure to administer the Plans in accordance with their terms or the applicable provisions of the Federal Parity Act.

### FOURTH CLAIM:
### CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS DUE TO UHC's FAILURE TO COMPLY WITH THE FEDERAL MENTAL HEALTH PARITY ACT
### ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

84.     Plaintiff re-alleges all paragraphs above.

85.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

86.     K.H.B.'s third claim is for plan enforcement for breach of the protections of the Federal Mental Health Parity and Addiction Equity Act, whose provisions are incorporated as a matter of law into the terms of all UHC Plans.  This legal claim is brought alternatively, in the event that the Court finds that UHC has correctly interpreted its own plan language. If construed in that manner, then the UHC violates the Federal Parity Act.

87.     The Parity Act mandates parity between the "treatment limitations" placed on mental health benefits and on medical/surgical benefits:

> In the case of a group health plan ... that provides both medical and surgical benefits and mental health or substance use disorder benefits, such plan or coverage shall ensure that—
>
> (ii) the treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan … and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.

29 U.S.C. § 1185a(a)(3)(A)(ii).

88.     The Parity Act instructed the Secretaries of Labor, Health and Human Services, and Treasury to issue "guidance and information" on the Parity Act's requirements. That guidance was originally provided in Interim Final Rules before being issued as Final Rules.  These regulations set forth a step-by-step process to determine whether an exclusion – or an insurer's application of an exclusion – violates the Act. *First*, the relevant limitation must be identified.  A limitation can exist on the face of the Plan, or it may occur in application – both require parity. *Second*, the service in question must be classified into one of six categories.  All services must be classified, including

COMPLAINT (CLASS ACTION) – 19

so-called intermediate services (those between inpatient and outpatient treatment). *Third*, the exclusion or limitation of the mental health care services at issue must be compared to *all* of the medical/surgical limitations within that category to determine if the exclusion of the insured's mental health care is permitted:

> A group health plan … that provides both *medical/surgical benefits* and mental health or *substance use disorder benefits* may not apply any … treatment *limitation* to mental health or *substance use disorder benefits* in any classification that is more restrictive than the predominant … treatment *limitation* of that type applied to substantially all *medical/surgical benefits* in the same classification.

29 C.F.R. § 2590.712(c)(2)(i)(A); Preamble, IFRs, 75 Fed. Reg. at 5413 (emphasis added).

89.    The statutory requirements of the Parity Act become "terms of" the Plan and are enforceable through ERISA. *UNUM Life Ins. v. Ward*, 526 U.S. 358, 376-77, 119 S. Ct. 1380 (1999); *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 648 n.4 (9th Cir. 2000); *Cisneros v. Unum Life Ins. Co.*, 134 F.3d 939, 944 (9th Cir. 1998).

90.    The Interim Final Rules explained that "the parity requirements for … treatment limitations are applied on a classification-by-classification basis." Preamble, IFRs, 75 Fed. Reg. at 5412.  The Interim Final Rules established six "classifications of benefits" for purposes of Parity Act compliance: (1) inpatient, in-network; (2) inpatient, out-of-network; (3) outpatient, in-network; (4) outpatient, out-of-network; (5) emergency care; and (6) prescription drugs. Preamble, IFRs, 75 Fed. Reg. at 5413.  These categories were expressly retained in the Final Rule. 29 C.F.R. § 2590.712(c)(2)(ii)(A).

91.    With respect to "intermediate services" – services that could fall within either the "inpatient" or "outpatient" categories — classification is still required. 29 C.F.R. § 2590.712(c)(2)(ii)(A).

COMPLAINT (CLASS ACTION) – 20

92.     While the insurer has discretion with respect to whether intermediate services should be classified as inpatient or outpatient, all intermediate services must be in the same category.  78 Fed. Reg. 68240, at 68246-7 ("Plans and issuers must assign covered intermediate mental health and substance use disorder benefits to the existing six benefit classifications in the same way that they assign comparable intermediate medical/surgical benefits to these classifications.).  *See also id*. ("For example, if a plan or issuer classified care in skilled nursing facilities or rehabilitation hospitals as inpatient benefits, then the plan or issuer must likewise treat any covered care in residential treatment facilities for mental health or substance user disorders as an inpatient benefit.").

93.     The Final Rules directed that "[r]estrictions based on *geographic location, facility type*, provider specialty, and other criteria that limit the scope or duration of benefits for services" are nonquantitative "treatment limitations" under the Parity Act. 29 C.F.R. § 2590.712(c)(4)(ii) (emphasis added).

94.     A blanket exclusion of outdoor/wilderness behavioral therapy programs is an exclusion of "facility type," and is therefore a nonquantitive treatment limitation. As applied to mental health care, an insurer may not impose this nonquantitative treatment limitation

> with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan (or health insurance coverage) as written and in operation, any processes, strategies, evidentiary standards, or other factors used in applying the nonquantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical/surgical benefits in the classification.

29 C.F.R. § 2590.712(c)(4).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

95.    UHC's standard practice of excluding all coverage for mental health treatment received at licensed outdoor/wilderness behavioral health programs violates the Parity Act. UHC's practice results in a categorical denial, on all occasions, of coverage for medically necessary services at licensed outdoor/wilderness behavioral health programs. Such categorical exclusion is permitted only if UHC also categorically excludes coverage for medical/surgical services rendered at rehabilitation hospitals and skilled nursing facilities. In fact, UHC covers such services. *Exh. A*, pp. 23-24.

96.    While UHC is free to adopt and incorporate standards that go beyond what Utah requires from its outdoor/wilderness behavioral healthcare programs, it cannot do so and be in compliance with the Parity Act unless it similarly imposes burdens that go beyond Utah's licensing requirements for skilled nursing facilities and rehabilitation hospitals.  But there is no suggestion by UHC that it adopts extra-licensure coverage requirements for skilled nursing facilities and rehabilitation hospitals, which are the Parity Act's express comparators here.

97.    UHC has employed "processes, strategies, evidentiary standards" and other factors in assessing medically necessary services rendered at outdoor/wilderness behavioral healthcare programs that are different than the standards it employs in assessing medically necessary services rendered at skilled nursing facilities and rehabilitation hospitals. That violates the Parity Act.

98.    UHC's exclusion also results in disparate treatment for comparable services.  Because "[t]here is no corresponding exclusion for treatment of medical and surgical conditions in similar residential facilities," UHC's practices violate the Parity Act, and thus the Plans and ERISA.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

## VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1.      Certify the class described above with the appointment of plaintiff as the class representative and the undersigned attorneys as class counsel;

2.      Award benefits representing those sums that plaintiff and class members paid for services at outdoor behavioral health/wilderness treatment programs that should have been covered by UHC;

3.      Order disgorgement of all profits UHC enjoyed through failing to make proper payments and through the use of money that should have been used to pay plaintiff's and class members' legitimate coverage claims;

4.      Order UHC to reprocess plaintiff's and all class members' claims incurred at any time during the class period in conformity with the Court's orders concerning the proper interpretation of the plan language at issue (or with the Court's orders concerning reformation of the Plan);

5.      Enter judgment on behalf of the Plans, plaintiff and the class for losses due to UHC's breaches of fiduciary duty and failure to pay benefits;

6.      Declare that UHC may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit coverage of outdoor/wilderness behavioral healthcare programs to treat mental health conditions when such exclusions and/or limitations are not predominantly applied to medical and surgical services;

7.      Enter judgment in favor of plaintiff and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act;

8.      Order that UHC provide corrective notice to participants and beneficiaries concerning their right to coverage and right to make claims for wilderness programs under UHC's plans;

COMPLAINT (CLASS ACTION) – 23

9.    Award plaintiff and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

10.    Award such other relief as is just and proper.

DATED:  July 12, 2018.

By:  ___/s/ Nina Wasow_____

FEINBERG, JACKSON, WORTHMAN
& WASOW, LLP
Nina Wasow (SBN No. 242047)
Catha Worthman (SBN No. 230399)
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
nina@feinbergjackson.com
catha@feinbergjackson.com

SIRIANNI YOUTZ SPOONEMORE
HAMBURGER
Eleanor Hamburger
Richard E. Spoonemore*
701 Fifth Avenue, Suite 3650  Seattle, WA
98104
Tel. (206) 223-0303
Fax (206) 223-0246

JORDAN LEWIS, P.A.
Jordan Lewis*
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Tel: (954) 616-8995
Fax: (954) 206-0374
jordan@jml-lawfirm.com

*Applications for admission pro hac vice
forthcoming

**Attorneys for Plaintiffs**