IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| K.H.B., by and through his father Kristopher D.B., individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2.18-cv-000795-DN<br><br>District Judge David Nuffer |

This case involves claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act ("Parity Act"). These claims arise from the denial of coverage for Plaintiff K.H.B.'s treatment at Elements Wilderness Program ("Elements").[1] K.H.B. is insured through his father's employer-sponsored health insurance ("Plan"), which is underwritten and administered by Defendant UnitedHealthcare Insurance Company ("UHC").[2] UHC filed a Motion to Dismiss arguing that Plaintiffs failed to plead sufficient facts to state claims for breach of ERISA fiduciary duties under 29 U.S.C. § 1132(a)(2)[3] and violation of the Parity Act,[4] and that Plaintiffs are barred from bringing

---

[1] Plaintiffs' Amended Complaint ("First Amended Complaint"), docket no. 26, filed Aug. 17, 2018.

[2] *Id.* ¶¶ 12-13, 16.

[3] Defendant UnitedHealthcare Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint; Memorandum of Points and Authorities in Support Thereof ("Motion to Dismiss") at 9-11, docket no. 73, filed Nov. 2, 2018.

[4] *Id.* at 14-19.

duplicative ERISA claims for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and equitable relief under 29 U.S.C. § 1132(a)(3).[5]

Because Plaintiffs fail to allege an injury to the Plan for which a plan-wide remedy is sought, Plaintiffs fail to state a claim for breach of ERISA fiduciary duties under 29 U.S.C. § 1132(a)(2). And because Plaintiffs' claim for equitable relief under 29 U.S.C. § 1132(a)(3) is duplicative of their recovery of benefits claim under 29 U.S.C. § 1132(a)(1)(B), Plaintiffs cannot maintain their § 1132(a)(3) equitable relief claim. Therefore, Defendants' Motion to Dismiss[6] is GRANTED in part. But because Plaintiffs allege sufficient facts to state a claim for an as-applied violation of the Parity Act, Defendants' Motion to Dismiss[7] is DENIED in part.

**Contents**
FACTUAL BACKGROUND ................................................................................................ 2
DISCUSSION ....................................................................................................................... 4
    Plaintiffs fail to state a claim for breach of ERISA fiduciary duties under 29 U.S.C.
        § 1132(a)(2) ............................................................................................................ 4
    Plaintiffs' claim for equitable relief under 29 U.S.C. § 1132(a)(3) is duplicative of their
        claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) ............................ 8
    Plaintiffs sufficiently state a claim for violation of the Parity Act ................................. 10
ORDER ................................................................................................................................ 11

## FACTUAL BACKGROUND

K.H.B. suffers from multiple mental health conditions and has a history of substance abuse.[8] K.H.B. entered Elements on April 29, 2016, after hospitalization for attempted suicide.[9] Elements is a Utah-licensed outdoor youth treatment facility that provides treatment for

---

[5] *Id.* at 11-14.

[6] Docket no. 73, filed Nov. 2, 2018.

[7] *Id*.

[8] First Amended Complaint ¶ 25.

[9] *Id.* ¶¶ 26, 31.

adolescent males with mental health and substance abuse conditions.[10] The Plan contains no explicit inclusion or exclusion of outdoor behavioral or wilderness therapy programs.[11]

On May 9, 2016, K.H.B.'s father, Kristopher D.B.("K.D.B."), received a letter from United Behavioral Health ("UBH")[12] denying coverage for KHB's treatment at Elements.[13] K.D.B appealed the coverage determination, and UBH denied the appeal on November 22, 2016.[14] UBH's basis for denying coverage K.H.B's treatment at Elements was that wilderness therapy programs are not covered by K.D.B.'s Plan.[15] The coverage denial resulted in K.D.B. paying $37,800 out-of-pocket for K.H.B.'s treatment.[16]

On July 12, 2018, Plaintiffs initiated this case on behalf of themselves and behalf of a class of UHC beneficiaries who were denied coverage for wilderness therapy programs on some basis other than the program being "experimental, investigational or unproven treatment" or "not medically necessary."[17] Plaintiffs' First Amended Complaint alleges four causes of action against UHC: (1) recovery of benefits and clarification of rights pursuant to ERISA under 29 U.S.C. § 1132(a)(1)(B);[18] (2) breach of ERISA fiduciary duties under 29 U.S.C. § 1132(a)(2);[19]

---

[10] *Id.* ¶ 28.

[11] *Id.* ¶ 41, Exhibit A.

[12] UBH is an affiliate of UHC that administers Plan benefits and makes "coverage determinations related to mental health and substance use disorder services[.]" Motion to Dismiss at 5. UHB is not a named defendant in this case.

[13] First Amended Complaint ¶ 32.

[14] *Id.* ¶ 33.

[15] *Id*. ¶¶ 32-33, 36.

[16] *Id*. ¶ 31.

[17] Complaint, docket no. 1, filed July 12, 2018; First Amended Complaint ¶ 60.

[18] *Id.* ¶¶ 69-73.

[19] *Id.* ¶¶ 74-81.

(3) equitable relief under 29 U.S.C. § 1132(a)(3);[20] and (4) violation of the Parity Act under 29 U.S.C. § 1132(a)(1)(B).[21]

### DISCUSSION

UHC seeks dismissal of Plaintiffs' claims for breach of ERISA fiduciary duties, equitable relief, and violation of the Parity Act pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[22] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[23] To adequately state a claim, each cause of action must be supported by sufficient, well-pleaded facts that make the claim plausible on its face.[24] In reviewing a complaint under Rule 12(b)(6), factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[25] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of law are disregarded.[26]

**Plaintiffs fail to state a claim for breach of ERISA fiduciary duties
under 29 U.S.C. § 1132(a)(2)**

UHC argues that Plaintiffs fail to sufficiently plead a claim under 29 U.S.C. § 1132(a)(2) on behalf of the Plan for breach of ERISA fiduciary duties.[27] Specifically, UHC argues that Plaintiffs fail to allege a loss to the Plan and do not seek a remedy on behalf of the Plan.[28]

---

[20] *Id.* ¶¶ 82-86.

[21] *Id.* ¶¶ 87-101.

[22] Motion to Dismiss at 8. UHC does not seek dismissal of Plaintiffs' claim for recovery of benefits and clarification of rights. *Id.* at 3.

[23] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[26] *Ashcroft v. Iqubal*, 556 U.S. 662, 678, 681 (2009).

[27] Motion to Dismiss at 9-11.

[28] *Id.*

"The purpose of § 1132(a)(2) is to prevent 'the possible misuse of plan assets.'"[29] Keeping with this purpose, "§ 1132(a)(2) does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty."[30] Rather, a § 1132(a)(2) claim must be brought on behalf of the plan and seek relief for the plan itself.[31] To sufficiently state a claim under § 1132(a)(2), a plaintiff must allege the defendant breached its ERISA fiduciary duties, which include "the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest."[32] The plaintiff must also allege that the defendant's breach caused injury—monetary or otherwise—to the plan.[33] And the plaintiff must seek a remedy that is "recoverable only by or on behalf of the plan, not [the plaintiff] individually."[34]

Plaintiffs allege UHC breached its ERISA fiduciary duties owed to the Plan by failing to appropriately interpret Plan documents and instruments to cover wilderness therapy programs.[35] Plaintiffs characterize the denial as "a misrepresentation of the actual language of the Plan"[36] and a failure to properly administer the Plan.[37] Plaintiffs further allege that the Plan suffered losses because it "bargained and paid for coverage from UHC for medically necessary treatment of mental illnesses and substance abuse disorders, but as a result of UHC's blanket exclusion of

---

[29] *Hart v. Grp. Short Term Disability Plan for Emps. of Cap Gemini Ernst & Young*, 338 F. Supp. 2d 1200, 1201 (D. Colo. 2004) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)).

[30] *Alexander v. Anheuser-Busch Cos., Inc.*, 990 F.2d 536, 540 (10th Cir. 1993).

[31] *Russell*, 473 U.S. at 144.

[32] *Id*. at 142-143.

[33] 29 U.S.C. § 1109(a); *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003).

[34] *Hart*, 338 F. Supp. 2d at 1201 (citing *Walter v. Int'l Ass'n of Mach. Pensions Fund*, 949 F.2d 310, 317 (10th Cir. 1991).

[35] First Amended Complaint ¶ 78.

[36] *Id*. ¶ 36.

[37] *Id*. ¶ 58.

wilderness therapy programs, did not receive such coverage."[38] These allegations are insufficient to state a claim for breach of ERISA fiduciary duties under § 1132(a)(2).

Plaintiffs fail to allege sufficient facts to support their characterization of UHC's denials of coverage as being a misrepresentation of the Plan and a failure to properly administer the Plan. Plaintiffs allege that the Plan requires coverage for medically necessary services that are not otherwise excluded.[39] Plaintiffs also allege that UHC interprets the Plan as excluding coverage for wilderness therapy programs,[40] despite there being no express exclusion for wilderness therapy programs.[41] But Plaintiffs do not allege that UHC ever represented that the Plan covered wilderness therapy programs, that UHC had an "intent to deceive,"[42] or that participants and beneficiaries detrimentally relied on the "misrepresentation."[43] The facts alleged show nothing more than UHC's interpretation of the Plan's terms, which resulted in a denial of coverage to *certain* Plan participants and beneficiaries who sought coverage for wilderness therapy programs.[44]

Plaintiffs do not allege that UHC's misrepresentation and conduct was made to or directed at the Plan, or to all participants and beneficiaries of the Plan. Rather, the misrepresentation and conduct is alleged to have occurred only in the individual denial letters of Plaintiffs and potential class members.[45] Although the denial of coverage for wilderness therapy

---

[38] *Id*. ¶¶ 79-80.

[39] *Id*. ¶ 37.

[40] *Id*. ¶¶ 32-33, 36.

[41] *Id*. ¶ 41.

[42] *Alexander*, 990 F.2d at 539.

[43] *Id*.

[44] Plaintiffs specifically exempt from their proposed class other Plan participants and beneficiaries that were denied coverage for wilderness therapy programs by UHC on the basis of an exclusion for experimental, investigational or unproven treatment, of on the basis that the treatment was not medically necessary. First Amended Complaint ¶ 60.

[45] *Id*. ¶¶ 32-33, 36, 49

6

programs is alleged to be systematic and violated the participants and beneficiaries reasonable expectations for coverage,[46] the alleged injury is *class*-wide, not *plan*-wide. It is insufficient for Plaintiffs to broadly allege that UHC's uniform exclusion of coverage for wilderness therapy programs denies the Plan its bargained-for coverage of medically necessary treatment.[47] The Plan neither expressly includes or excludes coverage for wilderness therapy programs.[48]

Moreover, Plaintiffs fail to adequately plead relief on behalf of the Plan for the alleged breach of ERISA fiduciary duties. Plaintiffs specifically seek "injunction requiring UHC to cease its conduct and provide corrective notice to all *class members* . . . " and directing UHC "to reprocess all claims submitted by *class members* . . . ."[49] This relief, like Plaintiffs' alleged injury, confuses and conflates concepts of *class*-wide and *plan*-wide relief. The only reference to relief on behalf of the Plan in Plaintiffs' breach of ERISA fiduciary duties claim is made in passing: "To the extent that the Plan sustained monetary losses as a result of these actions, Plaintiff[s] also seek[] a recovery on behalf of the Plan[] for these losses."[50] But in the absence of sufficient factual allegations suggesting the Plan suffered monetary losses, this fails to adequately plead relief on behalf of the Plan.

Therefore, because Plaintiffs fail to allege an injury to the Plan for which a plan-wide remedy is sought, Plaintiffs fail to state a claim for breach of ERISA fiduciary duties.

---

[46] *Id.* ¶ 49

[47] *Id.* ¶¶ 79-80.

[48] *Id.* ¶ 41, Exhibit A.

[49] *Id.* ¶ 81.

[50] *Id.*

### Plaintiffs' claim for equitable relief under 29 U.S.C. § 1132(a)(3) is duplicative of their claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B)

UHC argues that Plaintiffs cannot maintain concurrent claims for recovery of benefits under 29 U.S.C. § 1132(a)(3) and equitable relief under 29 U.S.C. § 1132(a)(1)(B).[51] Plaintiffs respond that their § 1132(a)(3) equitable relief claim should not be dismissed at the pleadings stage merely because they also plead a cognizable § 1132(a)(1)(B) recovery of benefits claim.[52]

A plaintiff may not repackage a claim for recovery of benefits under § 1132(a)(1)(B) as a claim for equitable relief under ERISA's catch-all provision, § 1132(a)(3).[53] To successfully bring a § 1132(a)(3) equitable relief claim, a plaintiff must allege a separate injury from its § 1132(a)(1)(B) recovery of benefits claim.[54] Otherwise, if the same injury is alleged, the plaintiff must show that "appropriate equitable relief" for the injury is not adequately provided by its § 1132(a)(1)(B) recovery of benefits claim.[55]

Plaintiffs allege the same injury in their § 1132(a)(1)(B) recovery of benefits and § 1132(a)(3) equitable relief claims, *i.e.*, the denial of coverage for medically necessary mental health treatment in wilderness therapy programs.[56] For each of these claims, Plaintiffs also seek recovery of monetary losses and to be made whole for UHC's denial of coverage,[57] as well as a declaration of their rights to coverage for medically necessary mental health treatment in

---

[51] Motion to Dismiss at 11-14.

[52] Plaintiff K.H.B.'s Memorandum in Opposition to Defendant's Partial Motion to Dismiss ("Response") at 12, docket no. 79, filed Dec. 14, 2018.

[53] *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 375 (6th Cir. 2015); *Holbrooks v. Sun Life. Assur. Co. of Can.*, No. 1101383-JTM, 2012 WL 2449850, *2 (D. Kan. June 26, 2012).

[54] *Lefler v. United Healthcare of Utah, Inc.*, 72 Fed. App'x 818, 825 (10th Cir. 2003).

[55] *Varity Corp. v. Howe*, 516 U.S. 489, 511-12 (1996); *Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011).

[56] First Amended Complaint ¶¶ 73, 84.

[57] *Id*. ¶¶ 73 (seeking recovery of benefits owed and due), 86 (seeking unjust enrichment, disgorgement, restitution, and surcharge).

wilderness therapy programs without application of blanket exclusions and limitations.[58] The only difference in the relief sought in the two claims is Plaintiffs' request for reformation of Plan documents in their § 1132(a)(3) equitable relief claim.[59]

Reformation of plan documents is not a form of relief provided by a claim for recovery of benefits under § 1132(a)(1)(B).[60] However, reformation is a form of equitable relief that is made available "to reflect the mutual understanding of the contracting parties where fraudulent suppressions, omissions, or insertions materially affected the substance of the contract."[61] Plaintiffs do not sufficiently allege such circumstances. While Plaintiffs characterize UHC's denial of coverage as a misrepresentation,[62] there are insufficient factual allegations to support this characterization.[63] And Plaintiffs do not allege facts showing that UHC ever suppressed, omitted, or inserted terms that materially affected the substance of the Plan. Rather, the facts alleged merely show a dispute over UHC's interpretation of the Plan's terms. Therefore, Plaintiffs fail to allege sufficient facts that would allow for a remedy of reformation of the Plan documents.

If proven, Plaintiffs' alleged facts would permit relief in the form of monetary damages for UHC's denial of coverage, and declaration of rights to coverage and corrective notice regarding the interpretation of Plan documents. These remedies are adequately provided for by Plaintiffs' claim for recovery of benefits under § 1132(a)(1)(B). Therefore, Plaintiffs'

---

[58] *Id*. ¶¶ 73 (seeking declaration of rights), 85 (seeking corrective notice and information).

[59] *Id*. ¶ 86.

[60] *Amara*, 563 U.S. at 435-38.

[61] *Id*. at 443 (internal quotations, citations, and punctuation omitted).

[62] First Amended Complaint ¶ 36.

[63] *Supra* at 6.

9

§ 1132(a)(3) equitable relief claim is duplicative of their § 1132(a)(1)(B) recovery of benefits claim and cannot be maintained.[64]

### Plaintiffs sufficiently state a claim for violation of the Parity Act

UHC argues that Plaintiffs fail to plead the necessary facts to state a claim for violation of the Parity Act.[65] The Parity Act requires plans to ensure "treatment limitations applicable to . . . mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."[66] A Parity Act claim may allege a *facial* violation (an express limitation written in the plan) or an *as-applied* violation (a limitation applied through interpretation of the plan).[67]

To sufficiently plead a facial Parity Act violation, the plaintiff must identify an express treatment limitation in the plan "and compare it to a relevant [medical/surgical] analogue."[68] Here, Plaintiffs do not allege that the Plan contains an express limitation that would support a facial Parity Act violation. Plaintiffs do, however, allege an as-applied Parity Act violation.[69]

To sufficiently plead an as-applied Parity Act violation, the plaintiff must allege "that a defendant differentially applied a facially neutral plan term."[70] "[A]t the very least, a plaintiff

---

[64] *Rochow*, 780 F.3d at 375; *Holbrooks*, 2012 WL 2449850, *2.

[65] Motion to Dismiss at 14-19.

[66] 29 U.S.C. § 1185a(3)(A)(ii).

[67] *A.Z. v. Regence Blueshield*, No. C17-1292-TSZ, 333 F. Supp. 3d 1069, 1081 (W.D. Wash. 2018); *Anne M. v. United Behavioral Health*, No. 18-80773-CIV-MIDDLEBROOKS, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018).

[68] *A.Z.*, 333 F. Supp. 3d. at 1079.

[69] First Amended Complaint ¶¶ 87-101.

[70] *Anne M.*, 2019 WL 1989644, *2.

must identify" the medical or surgical treatments "that are analogous" to the mental health or substance abuse treatments "and allege that there is a disparity in their limitation criteria."[71]

Plaintiffs allege UHC differentially applies the Plan's term "Alternate Facility"[72] and does not adopt extra-licensure requirements for medical analogues of wilderness therapy programs, *i.e.*, intermediate programs such as skilled nursing facilities and rehabilitation hospitals.[73] Plaintiffs further allege that the exclusion of wilderness therapy programs is an impermissible "facility type" nonquantitative limitation.[74] Although Plaintiffs' Amended Complaint includes conclusory and formulaic recitations of the law, Plaintiffs' factual allegations are sufficient to state a claim for an as-applied violation of the Parity Act.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[75] is GRANTED in part and DENIED in part as follows:

1. The Motion to Dismiss[76] is GRANTED as to Plaintiffs' breach of ERISA fiduciary duties claim under 29 U.S.C. § 1132(a)(2),[77] and Plaintiffs' equitable relief claim under 29 U.S.C. § 1132(a)(3).[78] These claims are DISMISSED without prejudice.[79]

---

[71] *Peter E. v. United Healthcare Services, Inc.*, Case No. 2:17-cv-00435-DN, 2019 WL 3253787, *3 (D. Utah. July 19, 2019) (quoting *Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237-CIV-MIDDLEBROOOKS, 2017 WL 3263138 (S.D. Fla. July 20, 2017)).

[72] First Amended Complaint ¶¶ 40-41.

[73] *Id.* ¶ 99.

[74] *Id*. ¶¶ 96-97; 29 C.F.R. § 2590.712(c)(4)(ii).

[75] Docket no. 73, filed Nov. 2, 2018.

[76] *Id*.

[77] First Amended Complaint ¶¶ 74-81.

[78] *Id*. ¶¶ 82-86.

[79] No request for leave to amend the First Amended Complaint was included in Plaintiffs' Response.

2. The Motion to Dismiss[80] is DENIED as to Plaintiffs' claim for violation of the Parity Act.[81]

Signed September 27, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[80] Docket no. 73, filed Nov. 2, 2018.

[81] First Amended Complaint ¶¶ 87-101.